IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WESTLAKE REED LESKOSKY, LTD., *et al.*, | ) ) ) CASE NO.: 1:20 CV 1751 ) |
| Plaintiffs, | ) ) |
| v. | ) ) JUDGE DONALD C. NUGENT ) |
| HUDSON HOLDINGS, LLC, | ) ) |
| Defendant. | ) MEMORANDUM OPINION ) AND ORDER ) |

This matter is before the Court on Defendant Hudson Holdings, LLC's Motion to Dismiss Plaintiffs' Complaint. (ECF #15). Plaintiffs Westlake Reed Leskosky, Ltd. and DLR Group, Inc. filed a Brief in Opposition to the Motion, and Defendant filed a Reply in support. (ECF #16, 17). After careful consideration of the briefs and a review of all relevant authority, Defendant's Motion to Dismiss is DENIED.

## FACTUAL AND PROCEDURAL OVERVIEW[1]

Plaintiffs, Westlake Reed Leskosky, Ltd. ("WRL") and DLR Group, Inc. ("DLR"), filed a Complaint against Defendant Hudson Holdings, LLC' ("Hudson") alleging breach of contract. They attached to the Complaint a Letter of Intent signed by the Defendant and WRL, along with exhibits referencing Scope of Work and Professional Fees. After the Letter of Intent was entered into, DLR purchased "substantially all of the assets of WRL, combining the two firms. The Complaint also attaches a letter modifying the payment terms set forth in the original Letter of Intent which is signed by representatives of Hudson and DLR.

The Complaint alleges that WRL and DLR performed design services for Hudson pursuant to the Letter of Intent and the modification agreement and that they billed Hudson a total of $606,365.74 for these services. It also alleges that Hudson has failed to pay for these performed services, thereby causing damage to the Plaintiffs.

## STANDARD OF REVIEW

On a motion brought under Fed. R. Civ. P. 12(b)(6), this Court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808 (3rd Cir. 1990). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

---

[1] The facts as stated in this Memorandum and Order are taken from the Counterclaim and should not be construed as findings of this Court. In a motion to dismiss, the Court is obligated, for the purposes of that motion, to accept as true the facts set forth by the non-moving party, in this case, the Defendant.

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl' Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly* at 555. In deciding a Rule 12(b)(6) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)). However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993).

## ANALYSIS

Plaintiff's have alleged the existence of a contract. They have alleged that they performed all of the conditions of that contract which they were required to perform, except those excused by Hudson's alleged breach. They have alleged that Hudson breached the terms of the contract by failing to pay for Plaintiffs' services; and, they have alleged damage. Generally, nothing more is required to state a claim for breach of contract at this stage of the litigation. *See, e.g., Pavlovich v. Nat'l City Bank,* 435 F.3d 560, 565 (6th Cir. 2006); *Capital Equity Grp. v. Ripken Sports, Inc.*, No. 1:16 CV 1953, 2017 WL 4155766, at *3 (N.D. Ohio Sept. 19, 2017), *aff'd* 744 F.App'x 260 (6th Cir.

2018). The Defendant admits that a Letter of Intent can be an enforceable contract if the parties have manifested an intent to be bound by the terms of the letter of intent, and if that intention is sufficiently definite as to be specifically enforced. *See, M.J. DiCorpo Inc. v. Sweeney*, 1994-Ohio-316, 69 Ohio St. 3d 497, 503, 634 N.E.2d 203, 207(1994). It argues, however, that its alleged failure to pay is not actionable in this case because the Letter of Intent setting forth the agreement did not manifest an intent by the parties to be bound, and did not establish terms that were sufficiently definite as to create an enforceable agreement.

1. Manifestation of Intent

Contrary to Hudson's argument that the parties did not manifest an intent to be bound by the Letter of Intent, the Letter itself expressly states that the parties indeed did intend to be bound by its terms with regard to the provision of design services. It indicates that the Letter will later be incorporated into a broader agreement, but that the Letter itself authorizes the parties "to undertake the agreed scope of the Design phase," (ECF #1-1 PageID #5), and specifically states that the "executed Letter of Intent shall serve as a valid written contract until the final contract is executed." In addition, the Letter states that it shall be in effect unless modified in writing by the parties, that termination of the agreement requires 14 days notice, and that, if terminated, Hudson is still liable to "pay WRL the fee due for all services completed as of the date of such termination." (ECF #1-1, PageID #6). Further, the Modification letter verifies Hudson's intent to pay monthly invoices for accrued billings for work performed under the Letter of Intent, and that breach of that obligation relieves WRL of its obligation to continue the work it agreed to perform under the Letter of Intent. (ECF #1-1, PageID #11). The cases cited by Defendant in support of its position are clearly inapplicable here because, unlike the Letter at issue in this case,

they involve letters of intent that do not expressly communicate the parties intent to be bound. It is clear from the face of the Letter of Intent that the parties intended to be bound to its terms, at least in connection with the Design phase of the project.

### 2. Definiteness of Terms

Defendant, Hudson also argues that the Letter of Intent is unenforceable as a contract because it does not contain a meeting of the minds as to the essential terms of the contract. The exhibits to the Letter of Intent invalidate this argument. The exhibits set forth an explanation of the scope of the work, and provide the expected costs of the project, specifically breaking out the cost of architecture services, pre-design services, and design services. There is sufficient specificity in the exhibits to the Complaint to provide a factual basis for the claim that a contract was made, and that the contract has specific enforceable terms and payment obligations spelled out within. If discovery uncovers a different interpretation or understanding as to the practical meaning and enforceability of those terms, the Court can address those arguments at a later juncture. The Complaint, however, easily meets the criteria to overcome a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the reasons set forth above Defendant's Motion to Dismiss the Complaint, (ECF #15), is DENIED. IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: December 30, 2020